## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

MAGNOVA LLC,

                Plaintiff,

        v.

APPLE INC.,

                Defendant.

Case No. 7:26-cv-00056

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST
## APPLE INC.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Magnova LLC ("Plaintiff" or "Magnova") makes the following allegations against Defendant Apple Inc. ("Apple" or "Defendant"):

## PARTIES

1.      Plaintiff Magnova is a corporation organized and existing under the laws of the state of Texas, with a place of business at 2021 Guadalupe Street, Suite 260, Austin TX 78705. Magnova is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

2.      This complaint arises from Apple's unlawful infringement of the following United States patents owned by Magnova, which generally relate to novel cell phone cases:  United States Patent No. 11,863,223 (the "'223 patent"), and U.S. Patent No. 10,469,119 (the "'119 patent") (collectively, the "Asserted Patents").

3.      On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One

Apple Park Way, Cupertino, California 95014. Apple has one or more regular and established places of business in this District, including at 12545 Riata Vista Circle, Austin, TX 78727; 6900 W Parmer Lane, Austin, TX 78729; 320 S. Capital of Texas Hwy, West Lake Hills, TX 78746; 7400 San Pedro Avenue, San Antonio, TX 78216; 3121 Palm Way, Austin, TX 78758; 15900 La Cantera Parkway, San Antonio, TX 78256; 8401 Gateway Boulevard West, El Paso, TX 79925; and 2901 S Capital of Texas Hwy, Austin, TX, 78746. On information and belief, Apple may be served with process through its registered agent in Texas, CT Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4.    This action arises under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to infringe the Asserted Patents in this District. Apple is directly and through intermediaries making, using, selling, offering for sale, distributing, advertising, promoting, and otherwise commercializing their infringing products in this District. Apple regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to the residents of this

District and the State of Texas.

6.    Apple has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of Magnova's patents in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and selling Apple products that infringe Magnova's patents. For example, Apple has numerous distributors and retailers in this judicial district, including over numerous Apple Stores.

7.    Apple maintains a significant physical presence and employs many people in this District. In November 2019, Apple stated that it had approximately 7,000 employees in the city of Austin and "has broken ground on its new $1 billion, 3-million-square-foot campus" expected to open in 2022 that "will initially house 5,000 employees, with the capacity to grow to 15,000." *See* https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/ (last accessed July 17, 2025). Further, in January 2023, it was reported that "Apple has filed projects totaling $240 million for an expansion of its north Austin campus." https://www.mysanantonio.com/business/article/tesla-apple-austin-expansion-17708535.php (last accessed July 17, 2025). Further, "Apple is adding 419,441 square-feet of office space" with constructing that began on September 30, 2023, and which was estimated at the time to be

completed on March 30, 2025. *Id.*

8.      On information and belief, Apple employs engineering, product-operations, service and support, and marketing teams at its Austin campus—including personnel working with MagSafe technology and cases accused of infringing Magnova's patents in this case. Apple "has a three-million square foot campus in northwestern Austin with employees in engineering, research and development, operations and customer support roles." https://www.kxan.com/news/local/austin/apple-plans-new-ai-server-factory-in-texas-as-part-of-500b-plan/ (last accessed February 13, 2026). Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b).

## BACKGROUND

9.      The patents-in-suit were originally assigned from Spigen Korea Co., Ltd. ("Spigen").

10.     On information and believe, Spigen was founded in 2004. It is a global company headquartered in South Korea specializing in the design, development, and distribution of mobile device accessories.

11.     The company offers a wide range of products, including cell phone cases, screen protectors, wireless chargers, and car wireless chargers. Over the past 20-plus years, Spigen has established a significant global presence by leveraging major online platforms to sell its products in over 60 countries. The company actively conducts business in North America, Europe, and Asia, including the United States, Canada, the United Kingdom, Germany, France, Spain, Italy, India, Japan, and Thailand.

12.     On information and belief, Spigen's primary business is the development and sale of protective cases for devices, including smartphones. On information and belief, Spigen cases

currently protect millions of smartphones and other electronic devices worldwide.

13.     On information and belief, Spigen has hundreds of patents in the U.S. and worldwide for in innovative work, including innovations in electronic device protection.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 11,863,223

14.     Magnova realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15.     Magnova owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 11,863,223, entitled "Magnetic Mount for Electronic Devices." The '223 patent was duly and legally issued by the United States Patent and Trademark Office on January 2, 2024. A true and correct copy of the '223 patent is attached as Exhibit 1.

16.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 by providing constructive notice to the public. On information and belief, to the extent necessary, the '223 patent has been continuously marked, either on the practicing product itself or virtually. *See, e.g.*, https://legal.spigen.com/intellectualproperties.

17.     On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain iPhone cases that include a protective cover and metal plate that does not interfere with wireless charging, including without limitation MagSafe-compatible cases, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '223 patent. Identification of the Accused Products will be provided in Magnova's infringement contentions disclosed pursuant to the Court's scheduling order.

18.     The Accused Products satisfy all claim limitations of one or more claims of the '223

patent. A claim chart comparing an independent claim of the '223 patent to representative Accused Products is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

19.    Apple also knowingly and intentionally induces infringement of one or more claims of the '223 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '223 patent and the infringing nature of the Accused Products. Despite this knowledge of the '223 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '223 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

20.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Magnova and is liable for infringement of the '223 patent pursuant to 35 U.S.C. § 271.

21.    As a result of Apple's infringement of the '223 patent, Magnova is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

22.    Apple's infringing activities have injured and will continue to injure Magnova, unless and until this Court enters an injunction prohibiting further infringement of the '223 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,469,119

23.     Magnova realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24.     Magnova owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 10,469,119, entitled "Magnetic Mount for Electronic Devices." The '119 patent was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019. A true and correct copy of the '119 patent is attached as Exhibit 3.

25.     Plaintiff has complied with the notice requirements of 35 U.S.C. § 287 by providing constructive notice to the public. On information and belief, to the extent necessary, the '119 patent has been continuously marked, either on the practicing product itself or virtually. *See, e.g.*, https://legal.spigen.com/intellectualproperties.

26.     On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain iPhone cases that include a hard protective cover and metal plate that does not interfere with wireless charging, including without limitation MagSafe-compatible cases, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '119 patent. Identification of the Accused Products will be provided in Magnova's infringement contentions disclosed pursuant to the Court's scheduling order.

27.     The Accused Products satisfy all claim limitations of one or more claims of the '119 patent. A claim chart comparing an independent claim of the '119 patent to representative Accused Products is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

28.     Apple also knowingly and intentionally induces infringement of one or more claims of the '119 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '119 patent and the infringing nature of the Accused

Products. Despite this knowledge of the '119 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '119 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

29.     By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Magnova and is liable for infringement of the '119 patent pursuant to 35 U.S.C. § 271.

30.     As a result of Apple's infringement of the '119 patent, Magnova is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

31.     Apple's infringing activities have injured and will continue to injure Magnova, unless and until this Court enters an injunction prohibiting further infringement of the '119 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.


**PRAYER FOR RELIEF**

WHEREFORE, Magnova prays for the following relief:

(a)     A judgment in favor of Magnova that Apple has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

(b)     A judgment and order enjoining Apple and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those

acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

(c)    A judgment and order requiring Apple to pay Magnova its damages, costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the Asserted Patents;

(d)    A judgment and order requiring Apple to pay Magnova compulsory ongoing licensing fees, as determined by the Court;

(e)    A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Magnova, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

(f)    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Magnova its reasonable attorneys' fees against Apple; and

(g)    Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Magnova, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 19, 2026                    Respectfully submitted,

                                            */s/ Benjamin T. Wang*

                                            RUSS AUGUST & KABAT
                                            Benjamin T. Wang, SBN 228712
                                            Email: bwang@raklaw.com
                                            Andrew D. Weiss, SBN 232974
                                            Email: aweiss@raklaw.com
                                            12424 Wilshire Boulevard, 12th Floor
                                            Los Angeles, CA 90025

Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
MAGNOVA LLC